IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL R. DUNBAR, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : Civ. No. 15-466-LPS |
| | : |
| CATHERINE DELANOY, et al., | : |
| | : |
| Defendants. | : |
| | : |

Michael R. Dunbar, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 11, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Michael R. Dunbar ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1) He has filed an amended complaint that provides supporting exhibits and includes a request for counsel. (D.I. 9, 13) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7, 10) The Court proceeds to review and screen the complaint and its amendment pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff alleges he suffers from a number of medical ailments including PSVT (i.e., paroxysmal supraventricular tachycardia),[1] sleep apnea, asthma, and he is overweight. Plaintiff was seen by a cardiologist on September 14, 2014, placed on a heart monitor, and diagnosed with PSVT. The Delaware Department of Correction ("DOC") informed Plaintiff that he should be placed on the medication Toprol XL, a beta blocker.[2] Plaintiff alleges that Toprol XL has serious side effects for anyone with sleep apnea and asthma. Plaintiff asked to speak to a physician because he has both conditions and did not want additional complications. He was told that he could not see a physician until he started taking the medication. Plaintiff signed a refusal for the medication.

Plaintiff had an EKG on February 18, 2015. Plaintiff submitted a grievance on April 13, 2015, complaining that he was told on April 11, 2015 that he would not be taken to see an outside

---

[1] Episodes of rapid heart rate that start in a part of the heart above the ventricles. Paroxysmal means from time to time. *See* https://www.nlm.nih.gov/medlineplus/ency/article/000183.htm.

[2] Used alone or in combination with other medications to treat high blood pressure, chest pain, and heart failure. *See* http://www.pdrhealth.com/drugs/toprol-xl.

1

physician unless he began taking a beta-blocker for his heart problem; but he was also told the beta-blocker would cause more chronic problems. He asked for an appointment so that an outside physician could prescribe the correct medication. When the grievance was investigated, documentation described Plaintiff's condition as, "most likely PSVT, his echo is normal this is typically benign." (D.I. 13) The investigation also revealed that on April 10, 2015, a physician assistant gave plaintiff the options of treatment by taking medication such as Toprol XL, doing nothing, or using an event monitor. Plaintiff indicated that he was against taking medication without a clear diagnosis. Plaintiff was advised to keep a log of future attacks and to return to the clinic if symptoms worsened. The assessment at the time was normal regular rate and rhythm. The investigative report, dated April 22, 2015, revealed that Plaintiff has not submitted a sick call slip since April 10, 2015. The investigator spoke with the provider who indicated there was no medical need for an outside consult at that time.

Plaintiff was told on April 29, 2015 that he would see a physician within the next two weeks. He underwent a second EKG on May 12, 2015. Plaintiff alleges that he had episodes of PSVT on May 2, 8, 12, and 31, 2015. Plaintiff states that the provider tried to set up an outside appointment in April, but the medical staff indicated the appointment would not take place until plaintiff took the medication for sixty days. An exhibit provided by Plaintiff indicates that he was seen for a cardiology consultation on June 10, 2015.

Plaintiff states that he does not wish to further any possibility of heart damage from a medication when he has not been given an alternate option. He alleges that there is a list of beta-blockers that can be taken and Toprol XL is one of several medications on the list. Plaintiff alleges that his request to see an outside physician for other options was denied. He further alleges that "the prison failed to take action and did not allow [him] to be seen by a doctor to resolve his heart

2

problem for a whole year." Plaintiff alleges that the medical director made the appointment two months after he filed this action.

Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

3

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson*, 135 S.Ct. at 346.

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352,

4

365 (3d Cir. 2012) (internal citations omitted). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

Plaintiff alleges that Defendants delayed medical care, would not provide him with the medication he sought, and, in general, were deliberately indifferent to his medical needs. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. Apr. 12, 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *See Estelle*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as Constitutional deprivation).

Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the Complaint in the light most favorable to Plaintiff, he fails to state an actionable constitutional claim against Defendants for deliberate indifference to a serious medical need. Rather, the allegations indicate that Plaintiff's medical conditions were monitored, he underwent testing, and he was offered several treatment options. Dates provided to the Court indicate that Plaintiff was seen by a medical provider or underwent tests on September 18, 2014, February 18, 2015, April 10, 2015, May 12, 2015, and June 10, 2015. Plaintiff determined that the recommended medication was inappropriate, refused to take it, and asked that he be given a different medication. Plaintiff's disagreement with treatment options, however, fails to state a constitutional violation. Therefore, the Complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

## V.   CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's request for counsel (D.I. (9); and (2) dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). The Court finds amendment is futile.

An appropriate order will be entered.